Good morning. May it please the court. My name is Wagner Soto. My partner, Valentina DeFects, and I are supervised law students from Boston College Law School, appearing under the supervision of Kari Hong, who is seated at council table. We represent petitioner Smith Pena-Rojas. Following the supplemental brief, I will focus on consent and then aspiratation. On consent, the common law definition of robbery requires force to be used before or during a taking. If force is used after a taking, the defendant is guilty of theft and assault, but not robbery. 2.11 is different. In 2.11, after a taking is over, any subsequent use of force will turn a deceptive taking into robbery. For example, in Bailey, a group of men tricked a woman into giving them her cell phone. They then pointed a gun at her and then drove away. At common law, this would have been prosecuted as two separate crimes, fraud and then assault. Roberts. Why doesn't the added aspiratation element make the California statute net narrower than generic theft? Your Honor, 2.11, the Cooper case established that because of aspiratation, 2.11 lets someone be convicted for robbery without having prior or contemporaneous knowledge of the taking. This sounds unbelievable. Justice Kennard has twice criticized the Cooper case because it appears to collapse a distinction between aiders and abettors and accessories after the fact. The generic theft definition requires an element of possession. Well, wait a minute. Because there was a dissent, but also specific intents required, isn't it, to be convicted as an aider and abettor? And specific intent suggests that this isn't somebody who just came along and picked up the pieces afterwards, but had the intent to accomplish the taking, which is at the core of the robbery charge. So what's so different? Yes, Your Honor. The key here is that because of aspiratation, that intent can be formed at any time during the crime. What difference does it make? If the specific intent is there, if they desire to accomplish the intent of taking, why does it really matter that the intent was generated later rather than before? It matters because the key issue here is the taking. California's 2.11 allows someone to be convicted for robbery without having prior or contemporaneous knowledge of the taking. And my response is sort of the same. So what? I mean, granted, we're talking about the categorical approach, so logic is mostly out the window. But I have difficulty here understanding why that should matter. If the criminal intent is the same, if the culpability in any moral register is the same, why does it matter that it was formed later instead of before? Well, Your Honor, as an example, in California's Mata case, a driver who gave his brother a ride and then learned that his brother had tried and failed to rob a store was guilty of being an accessory after the fact for attempted robbery. This was true because the crime of attempted robbery was completed before the brother got into the car. Well, it's also true because the guy who gave his brother a ride was trying to give his brother a ride. He wasn't trying to aid the burglary or robbery of the store. That's the difference between aiding and abetting and accessory after the fact. And if we go to the Supreme Court's decision in Duarte Alvarez, they clearly indicate, okay, it used to be there were all these categories. They've all merged together. And so the prior Ninth Circuit case law and case law from other jurisdictions that drew distinctions, that's all gone. Accessory after the fact, that's still different. And so if you have accessory after the fact conviction, that's not the same. But if you have accessory before, if you have aiding and abetting, or if you have conviction as a principle, that's all the same. So there is a distinction between aiding and abetting and accessory after the fact. And I think the main distinction is the specific intent requirement. Because somebody who gives his brother a ride isn't trying to aid the taking. But your client was convicted, it appears, of having had the specific intent. So I'm having trouble understanding. I mean, this seems to me to be a replay of Duarte. Why isn't it a replay of Duarte? Why should we be trying to draw the lines that you tell us we should draw? Well, Your Honor, Duenis Alvarez explains that those who help a thief before a taking will be equally liable for possession because a person's intent and assistance prior to or during the taking helped the thief get the goods. However, Vidal clarified that those who help the thief after the taking will not have possession because their help occurs after the taking is over. As accessories after the fact, they, quote, had no part in causing the crime. But that's — I'm still kind of lost. Accessories after the fact, I accept, they're different. But your client wasn't convicted of being accessory after the fact, was he? Why do we look at what your client — why are we looking at the facts of your client's case at this point when we're conducting the categorical approach? Your Honor, thank you. And step one. That may raise the next question. Can we tell from the record? I mean, it was my impression coming in, I may be wrong, that California convictions for accessory after the fact are labeled as such. And so I didn't see anything like that here. So that's the basis of my premise. That's not your client's conviction. But it may be, if you can tell me or point me to something that shows that your client might have been convicted not for having the specific intent requisite for the crime but for being accessory after the fact, that's a meaningful distinction. Well, Your Honor, the categorical approach instructs us to look at the elements of the conviction and not the facts of the specific case. Focusing on 211's elements, whether it be in the statute or jury instructions, is a red herring. Mathis instructs us to go to case law to understand what the conduct the elements reach. And under California's Supreme Court Cooper case, that case established that 211 let someone be convicted for robbery without having prior or contemporaneous knowledge of the taking. And other states do not prosecute defendants for aiding and abetting a robbery without prior or contemporaneous knowledge of the taking. In Robinson, the Washington State Court reversed the robbery conviction for a teenager that drove his friend who had just mugged a woman. Without prior knowledge of the taking, the driver becomes at most an accessory after the fact to the crime of robbery. This comparison shows that one cannot look to the statutory text of 211 alone. Both Washington and California have the same statutory elements. But what matters is the substance of conduct that the statute criminalizes. And the reach of 211 makes it overbroad. But, Your Honor, even if you disagree, the Bailey case shows that 211 criminalizes a fraudulent taking that is followed by assault as a crime of robbery. Let me take one case at a time. Sure. Cooper. Yes. I look at Cooper, and it tells me it's talking about for purposes of determining aider and abetter liability. Yes, Your Honor. You're trying to tell me, and granted the dissent is trying to argue this, that Cooper wasn't convicted of aiding and abetting. He was convicted of being an accessory, and that's different. But the Supreme Court doesn't describe it that way. And if it's aiding and abetting, then he presumably has the specific intent required for the crime. Okay. The Supreme Court told us in Duenas that aiding and abetting, in principle, that's all the same. So why draw the distinction that you're advocating here? Why is this case different?  In dissent. The majority plainly didn't think it was the distinguishing accessory after the fact qualification that she sees there. So why should we take Cooper's conviction to be an accessory after the fact conviction? She said it was, but she lost. Well, Justice Kennard argued that the majority in Cooper, in their decision, appeared to collapse the distinction between aiders and abetters and accessories after the fact. The Cooper case made that line a little bit more blurry. But turning to my previous point, Your Honor, the generic theft offense is limited to larceny. In Carrillo-Jaime, this court held California's chop shop statute overbroad to the generic offense because it criminalized fraud. Likewise, 211 criminalizes taking secured by fraud, which also makes 211 overbroad to the generic theft offense. You know, looking at, is it pronounced Descomp? Descomp. And its reference to the swath of conduct, you know, sort of dialing back to your comments, why doesn't this swath of conduct encompassed by generic theft include all potential conduct criminalized under the California statute? Your Honor, the framework of Duenas, Alvarez, and Vidal explains that those who promote a crime before or during a taking will match the generic theft definition, and those who promote a crime after a taking will not. Cooper is an example where an aider and abetter to robbery can be convicted without prior or contemporaneous knowledge of the taking. And if there are no further questions, I would leave the Court. I wish to reserve my remaining time. All right. Thank you, counsel. Thank you. Good morning, Your Honors. May it please the Court, Rebecca Nahas for the United States Attorney General. Both California robbery and generic theft have as elements a taking without consent, establishing a categorical match. Petitioner has not identified any case where an individual convicted of California robbery did not also commit generic theft, nor can he as the elements of California robbery and generic theft overlap. Generic theft requires a taking, so does California robbery. Generic theft requires that the taking be without consent, so does California robbery. Indeed, it is well settled that robbery is just an aggravated form of theft. Let me ask you the question that came up toward the end. Do we know that this conviction was not a conviction for being an accessory after the fact? I don't know. I mean, I start with that, because the Supreme Court has said that's different. We don't treat that the same. And I confess coming in, I was operating under the premise that California labels that differently, but I may be wrong. Do you know whether we can be confident this isn't that category? Yes, Your Honor. California prosecutes accessories after the fact under a separate statute. It's California Penal Code 32, which includes a different intent and different punishment, and it's a separate and distinct offense, as this Court held in Gomez-Mendez. And the intent for an accessory after the fact is to assist the defendant in evading prosecution. It's not to assist the defendant in committing the principal offense. And so the Vidal case is distinguishable. In that case, the Ninth Circuit held that generic theft does not include accessories after the fact, and they interpreted the vehicle theft statute in that case to encompass accessories after the fact within the text of the statute. By contrast, California robbery does not include liability for accessory after the fact in the text of the statute. Rather, accessories after the fact, who are simply trying to help the defendant evade prosecution, they're prosecuted under a separate statute with a different punishment. Ginsburg. Do we know that for sure? I mean, can you tell us? I mean, it seems to me that, like in Cooper, that he was the Court conflated the two. The Court found that as long as the — in Cooper, as long as the aider and abetter was — formed the intent to participate in the robbery before the — they reached a temporary place of safety and the looted property was with — in the possession of the defendants, then they would be liable for robbery. But that's a red herring. Regardless of the conduct, that defendant in Cooper was deemed liable as a principal. He was an aider and abetter, and as the Supreme Court in Duenas-Alvarez explained, an aider and abetter is treated as a principal and is liable for every element of robbery. And even if the Court were to examine aspiratation in isolation and decide, you know, when force or fear, non-consent occurs with relation to aspiratation, the government would argue that aspiratation is merely — or carrying away property is merely an exercising of control over property within the jurisdiction of the definition of generic theft. So even if the force or — Is the theft completed before the aspiratation begins? I think that generic theft requires a taking or exercising of control over property. There's three elements. I'm sorry? Yes, there's three elements. And the theft occurs, and then this statute comes and also prohibits the aspiratation, the carrying away. Right. And so the government's position is that generic theft prohibits taking or — excuse me — taking or exercising control over property. And California robbery prohibits the taking of property, the caption, as well as the control over property within the definition of generic theft. So Petitioner's argument sort of ignores that second part of the generic theft definition, that it requires a taking or exercising control over property. So California robbery — The person who's carrying away, doing either of those things? They are exercising control over property. And isn't the person who, say, is driving the car, is just aiding or abetting or an accessory? Are you saying — isn't that person just an accessory after the fact to the generic crime that's already been committed? Well, the person who is the getaway driver, although they didn't take the property — But unwittingly. Say the example in California law where the person gives his brother a ride. He didn't even know that the brother had committed a theft or attempted theft. So in order for, in that hypothetical, to be convicted of robbery, the brother, the getaway driver, had to have formed the intent to participate in the robbery. He, at some point before they reach a temporary point of safety, they — he must have formed the specific intent to participate in the robbery. Does the statute say that? The case law in California says that. I mean, Cooper says that, but Cooper suggests that this intent can be informed after the taking has been accomplished. I mean, Cooper distinguishes between helping somebody escape and helping somebody escape with the goods. But shouldn't that matter? I mean, if the person who's convicted never knew about the taking until after it had been accomplished, then there's no need for the intent to be formed before the crime. And if you go to a jurisdiction that doesn't require the carrying away part of theft — I mean, California appears to narrow robbery by requiring both the taking and the carrying away, so let's pretend that Indiana doesn't require carrying away. So for Indiana purposes, theft is accomplished as soon as you take. And the carrying away becomes potentially a separate crime. Now, so in Indiana, somebody who's driving without knowing about the theft in advance commits a separate offense that Petitioner talked about. Why doesn't that take what could happen in California leading to a conviction for robbery outside the generic definition of theft, because most States don't have that carrying away part and the intent may not be formed until after the taking has already happened? Well, a couple of things. First, Your Honor, the Petitioner's focus on how other States treat robbery or define robbery is irrelevant to this case. But, you know, this is troublesome. I mean, there's — I agree with my colleague, Judge Clifton, that the categorical approach is troublesome in and of itself. But it's even more troublesome when you're talking about a law where you want national uniformity, such as our immigration laws, and we're looking at each different State and how they treat it. And it's really troubling to me that someone can be deported for something they did in one State but not in another State. Well, I agree, Your Honor. In the generic, the categorical approach attempts to resolve that concern. And so my point was that how other States treat robbery isn't the question before us. The question before us is how other States treat theft. And that led to the generic definition of theft. So instead of looking at how other States treat robbery and determining whether it matches California, we should be looking at whether California meets the generic definition, which is how all the States treat theft. But if you say California requires this aspiration element, whether you're arguing that it narrows the statute or it broadens the statute, you're still saying it's a different statute. Yes. The aspiration is, I think, unique. I don't think every State has aspiration with robbery. So it's just how do we look at that nuance under California law and how do we treat that nuance? I think that this sort of like temporal reach of robbery is sort of a red herring and confuses things because I think Mathis was really focused on the elements. And at the time robbery is completed, the element of taking is necessarily satisfied and the element of non-consent is necessarily satisfied. So when it happens in relation to each other is not the focus of the categorical approach. How would you react to the following hypothetical holding? Where a State crime includes elements entirely sequential to the elements which constitute a generic crime and the State convicts individuals for the State crime based on actions entirely subsequent to generic crime, the State crime is overbroad. Sorry, Your Honor. Can you read that again? Sure. Where a State crime includes elements entirely sequential to the elements which constitute a generic crime and the State convicts individuals for the State crime based on actions entirely subsequent to the generic crime, the State crime is overbroad. I would disagree because it's not that the – I don't think that notion applies to this case is how I'll rephrase it. I think that the – we can't lose sight of the fact that that original taking is within the definition of generic theft. And so what happens later isn't relevant because the element is a taking and it necessarily occurred at the time the crime is completed. But even if we accept that, you know, that aspiratation, I would take issue with characterizing it as conduct outside of generic theft because aspiratation is just carrying away property, which means exercising control over property under the Duenas-Alvarez definition. And this court in Carrillo-Jaime found that owning a chop shop where cars are destroyed, disassembled, reassembled, or stored means exercising control of that property within the definition of generic theft. And in Verduga-Garcia, the court found that buying, receiving, concealing, withholding, selling property is all within exercising control over property under the definition of generic theft. So even if we accept that aspiratation sort of makes the robbery extended, that's still an exercise of control over property. That getaway driver who's fleeing with looted property is exercising control over that property without the owner's consent within the definition of generic theft. Thank you very much, Counselor. I'll give your opposing counsel two minutes since you went over two minutes. I have two points I would like to make. First, the overbreath of 211 is twofold. On possession, the key issue is the taking. The framework of Duenas-Alvarez and Vidal explains that those who promote a crime before or during a taking will match the generic definition of theft, and those who promote a crime after the taking will not. Cooper is an example of an aider and abetter to robbery that can be convicted without any prior or contemporaneous knowledge of the taking. On conviction of the taking. Kennedy, but Cooper was a conviction for being an aider and abetter, which requires the specific intent to assist the take. I understand the dissent says, no, no, no, this should just be accessory after the fact, but that's not what the majority says. The majority speaks very clearly of distinguishing between helping escape, which would be like the Brother case we talked about before, and actually helping the crime, because that person knew that the whole point of this was to get away with the goods. And for California purposes, that's enough to aid and abet the taking. And I'm don't understand why it's supposed to be different, because the activity happens later. So we argue that it is different because the intent is to help. The principle of the robbery is formed after the taking is over. But even if you disagree with us, that would make sense. It would make sense to take the person in accessory after the fact, as you said. Yeah, but he's not convicted for that. So the court found not only were they trying to help, or the person wasn't simply trying to help the brother or whomever get away, was trying to help the crime of taking. And if you're trying to help the crime of taking, why does it matter that the intent to help the crime of taking doesn't arise until after the person has walked out of the jewelry store? As this Court in Vidal held, one who participates, I'm sorry, as an accessory after the fact, quote, had no part in causing the crime. But even if you disagree with us, you only have to agree with us on either aspertation or consent to grant Mr. Peña-Rojas's petition. If there are no further questions, with leave of the Court, I wish to submit the case. Okay. Thank you very much, counsel. First of all, I want to thank both counsel for an excellent argument, the Department of Justice as well as the Boston College of Law School. And I want to thank the Boston College Law School for the excellent briefing and work. Thank you very much.
judges: Wardlaw, Clifton, Katzmann